## Berdan, Appellant, *v.* Unemployment Compensation Board of Review.

Submitted May 3, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Stephen Berdan,* in propria persona, for appellant.

*R. Carlyle Fee,* Asst. Special Deputy Attorney General, *Charles R. Davis,* Special Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

OPINION BY HIRT, J., July 16, 1943:

Claimant, after 35 years of service with Carnegie Illinois Steel Corporation as a laborer, became eligible

for a pension payable by his employer. He retired on July 1, 1940 and has not been employed since that date. He made a claim for unemployment compensation but not until January 30, 1942. Under the provisions of the Unemployment Compensation Law (Act of December 5, 1936, Second Ex. Sess. P. L. (1937) 2897) the board of review had no alternative and the claim was denied.

As indicated by its name, and the "Declaration of Public Policy" in §3, 43 PS 752, the Act applies to those who normally are employed and who, both able and willing to work, are periodically out of employment through no fault of their own. Except in a limited sense the compensation provided is not unemployment insurance and, though intended to foster economic security and to prevent indigency, the Act is not a general measure in relief of the poor.

Consistent with its purpose and as a condition precedent to benefits, a claimant under the Act must show earnings from employment during a "base year" made up of "the first four of the last five completed calendar quarters *immediately preceding* the first day of an individual's *benefit* year." (Italics added.) §4(a), 43 PS 753. And to be eligible for compensation an employee's total wages during his base year must be "not less than thirteen times his weekly compensation amount." §401(a), 43 PS 801. The amount of weekly compensation is computed under the Act at one-half "of the employee's full-time weekly wage." §403, 43 PS 803. Claimant's full-time weekly wage prior to retirement was $24.80. Thus, to qualify for compensation, claimant was obliged to show earnings during his base year immediately preceding his application, of thirteen times $12.40, or $161.20.

Claimant earned nothing during that period and no compensation is payable under the Act.

Order affirmed.